UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTINA BULLINS,

     **Plaintiff**

vs.                               **CASE NO. 4:14-cv-00347-WS-CAS**

MARIA DIBERNARDO,

     **Defendant.**

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM NON-PARTY, FLORIDA DEPARTMENT OF CORRECTIONS, OR IN THE ALTERNATIVE, MOTION FOR NEW SCHEDULING ORDER

Plaintiff, Christina Bullins, by and through the undersigned counsel, and pursuant to Rule 37 and 45(c)(2)(B), the Federal Rules of Civil Procedure, hereby moves for an Order Compelling Florida Department of Corrections (FDOC) to fully respond to Plaintiff's Third Party Production Subpoena, or in the Alternative, Motion For New Scheduling Order[1] and states as follows in support:

1.     Plaintiff served its Notice of Production from Non-Party and served the Subpoena on FDOC on December 22, 2015. See attached **Exhibit A.** On January 22, 2016, Non-Party FDOC served its Objections and Responses to Plaintiff's Notice of Production from Non-Party. See Attached **Exhibit B**. Defendant DiBernardo failed to file any objections to the documents requested, and thus waived her objections to the subpoena issued to FDOC.

2.     On January 27, 2016, FDOC amended its response to Request Number 11. See Email correspondence attached hereto as **Exhibit C**.

---

[1] Plaintiff has conferred with Counsel for Third Party Department of Corrections and Counsel for Defendant DiBernardo. Plaintiff's **preferred relief is a new scheduling order** with the dates set forth herein. Upon conferral with Counsel for Department of Corrections, it is clear that they are technologically prevented from providing responsive documents sooner than the date offered, as explained further herein.

3.     On January 28, 2016, counsel for FDOC Todd Studley informed undersigned counsel that due to the limitations of the FDOC computer system, it would take until May 15, 2016, to produce all responsive documents. See attached **Exhibit D**.

4.     Plaintiff accepts that contention, and thus prefers an extension of deadlines as described below, however, due to the limitations of the current scheduling order, as well as the discovery deadline which is set to expire prior to the date that FDOC is able to produce the records, Plaintiff is also moving to compel the production, in an abundance of caution.

5.     The discovery requests were not for in improper purpose, and bear directly on the allegations in the Second Amended Complaint. *See* DOC. 37 ¶¶ 7-19; 20-24.

6.     FDOC generally has agreed to produce responsive non-privileged documents, except for a few documents which are confidential documents relating to an active criminal investigation. At this time, Plaintiff does not contest documents withheld based on the assertion of an active criminal investigation.

7.     Additionally, FDOC attached an affidavit of it Data Processing Manager, regarding the state of computer searches at DOC, and the staff available to conduct searches for requested documents.

8.     As stated herein, Counsel for DiBernardo failed to file an objection to the FDOC subpoena, and thus has waived its right to now object to the subpoena. As such, any objection by Defendant Dibernardo to the Motion for New Scheduling Order based on the scope of the requests should not be considered by the Court.

9.     Undersigned counsel has been conferring with Counsel for DiBernardo for approximately ten days, to discuss filing a joint motion to extend the deadlines in the scheduling order. Undersigned counsel proposed the following amendment to the scheduling order, which is

essentially extending all current deadlines ninety days to account for FDOC's production of documents. The proposal was as follows:

| EVENT | CURRENT DUE DATE | PROPOSED DUE DATE |
|---|---|---|
| Plf response to Def 1st RTP & Rogs | 2/12/16 | 5/22/16 |
| Def Rsp to Plf 1st RTP & Rogs | 2/14/16 | 5/24/16 |
| Def deadline to amend pleadings / add parties | 2/15/16 | 5/25/16 |
| Plf Expert Witness Reports due | 2/28/16 | 6/7/16 |
| Def Expert Witness Reports due | 3/31/16 | 7/9/16 |
| Deadline to advise court of mediation status | 4/14/16 | 7/23/16 |
| Discovery deadline | 4/14/16 | 7/23/16 |
| Dispositive motions due | 5/5/16 | 8/13/16 |

10.     Counsel for DiBernardo decided that to consent to an extension of the deadlines, Plaintiff would first have to agree to limit the scope of its subpoena. See Ignacio letter dated February 15, 2016, attached hereto as **Exhibit E**. Undersigned counsel agreed to narrow the request as to the time period of the requests, but could not agree to narrow them as Defendant's counsel suggested. See Andrews letter dated February 15, 2016, attached hereto as **Exhibit F**. Undersigned counsel also informed FDOC Counsel Mr. Studley that Plaintiff would be seeking to compel the subpoena in an abundance of caution, and, in the alternative, seek extensions of the current deadlines from the Court.

## MEMORANDUM OF LAW

### A.  Standard of Review.

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(b)(1) defines the scope of discovery as including "any non-privileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information..." R. 26(b), Fed. R. Civ. P. Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be relevant in the case." *Openheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978). Significantly, discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. Ultimately, relevant information is discoverable, even if not admissible at trial, so long as the information is "relative to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action." R. 26(b)(1), Fed. R. Civ. P.

The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b). *Thompson v. Cincinnati Ins. Co.,* 2010 WL 4667100 at *4 (N.D. Fla. Nov. 9, 2010); *Commissariat A L 'Energie Atomique v. Samsung Electronics Co., LTD.,* 2006 WL 5003562 at *2 (M.D. Fla. June 14, 2006) ("[I]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). As such, the documents sought by the party issuing the subpoena must be reasonably calculated to lead to the discovery of admissible evidence.[2] *Thompson,* 2010 WL 4667100 at *4. A Rule 45 subpoena should therefore be enforced "unless it is clear that the evidence sought can have no possible bearing on the issues." *Benavides v. Velocity IQ, Inc.,* 2006 WL 680656 at *2 (M.D. Fla. March 15, 2006).

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the district court. *Commercial Union Ins. Co. v. Westrope,* 730 F.2nd 729, 731 (1 lth Cir.

---

[2] The proper standard for Rule 26(b)(1) has been amended, as cited *supra.*

1984). "This means that a district court is allowed 'a range of choice' in such matters," and its rulings will not be second-guessed "unless they reflect a clear error of judgment." *Holloman v. Mail- Well Corp.,* 443 F.3d 832, 837 (11th Cir. 2006). As the entity that has stated it is unable to timely produce responsive documents, FDOC has the burden of demonstrating that the requested discovery has no possible bearing on the claims and defenses in the case. *See Johnson v. Petsmart, Inc. ,* 2007 WL 2852663 at * 1 (M.D. Fla. Oct. 2, 2007) (In the case of a Rule 45 subpoena, once the moving party establishes compliance with Rule 45, the burden shifts to the subpoenaed party if it raises any objections .).

**B. The Responsive FDOC Documents Are Relevant to this Litigation and the Plaintiff's Claims, and These are Documents Which are not in the Possession of Either Party to the Litigation.**

The FDOC responsive documents are at the heart of this litigation. In First Amendment retaliation claims brought against individuals, the individual is not in possession, custody or control of Agency or Department documents, which are required for the Plaintiff to prove his or her claim.

Here, DOC has stated that it needs approximately ninety (90) days to search for, locate, and produce documents responsive to the subpoena. Again, Plaintiff prefers an extension as to all deadlines to accommodate FDOC as it is in possession of documents relevant to this litigation, however, Plaintiff also seeks an order compelling timely production of the responsive documents due to the earliest completion of production of FDOC documents occurring after the current discovery deadline.

**CONCLUSION**

For the reasons expressed, this Court should issue an order compelling FDOC to

produce the responsive documents in a timely manner. Alternatively, this Court should amend the scheduling order to reflect the dates contained in ¶ 9 herein.

## CONFERRAL

Pursuant to Local Rule 7.1(b), Counsel for Plaintiff has conferred with Counsel for Defendant regarding an extension of all deadlines in the current scheduling order, and Counsel for the Defendant objects to the relief requested.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel:  (850) 681-6416 * Fax: (850) 681-6984

*/s/ Ryan J. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
sandrews@andrewslawoffice.com
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
service@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by electronic transmission this 16th day of February, 2016, to:

Elmer C. Ignacio, Esquire
Assistant Attorney General
Office of the Attorney General
PL 01, The Capitol
Tallahassee, FL  32399-1050
Elmer.Ignacio@myfloridalegal.com
Jenna.Hodges@myfloridalegal.com

Pamela L. Hatcher, Esq.
Todd Studley, Esq.
Florida Department of Corrections
501 S. Calhoun Street
Tallahassee, Florida 32399-2500
Hatcher.pamela@mail.dc.state.fl.us
Studley.todd@mail.dc.state.fl.us

                                    */s/ Ryan J. Andrews*_____
                                    RYAN J. ANDREWS



EXHIBIT

A

**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CHRISTINA BULLINS,**

      **Plaintiff**

**vs.**                             **CASE NO. 4:14-cv-00347-WS-CAS**

**MARIA DIBERNARDO,**

      **Defendant.**

_____/

### PLAINTIFFS' NOTICE OF PRODUCTION OF DOCUMENTS
### FROM NON-PARTY FDOC

      Plaintiff, Christina Bullins, by and through the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby file this Nonparty Request for Production of Documents to Florida Department of Corrections ("FDOC"), and request that FDOC produce the following documents, as maintained in the normal course of business and in their native format, within the time limits set by Rule 34 of the Federal Rules of Civil Procedure at the Law Offices of Steven R. Andrews, 822 N. Monroe St., Tallahassee, Florida 32303, or via electronic transmission to service@andrewslawoffice.com.

### DEFINITIONS AND INSTRUCTIONS

      1.      The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.  In this instance "You" and "Your" includes FDOC.

      2.      The term "Person" means any natural Person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural Persons or other business enterprise, governmental body, group of natural Persons or the entity.

      3.      The term "Document" means "Document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all Documents within the possession, custody, or control of the FDOC or any agents thereof.  Documents shall include Documents held by any

subsidiary or any affiliated corporation. The term "Document" also includes any Documents which have a physical location in another State or United States Territory. Further the term "Document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.      The term "All Documents" means every Document or group of Documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.      The term "Communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.      The term "All Communication" means each and every Communication as above defined that is known to You or about which You have any information.

7.      As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.      The term "Identify" when used with reference to a natural Person means:

   a) the full name and address (or, if the current address is not known, the last known address) of the Person;

   b) the full name and address of each employer, each corporation of which the Person is an officer or director, and each business in which the Person is a principal;

   c) the Person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

   d) each position the Person has ever held with You and the date such positions were held; and,

2

e)   such other information sufficient to provide full identification of the Person.

9.   The term "Identify" when used with reference to any other entity other than a natural Person means:

   a)   the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

   b)   each of the entity's officers, directors, shareholders or other principals; and,

   c)   any other available information concerning the existence or identity of the entity.

10.   The term "Identify" when used with reference to a Document or written Communication means:

   a)   its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

   b)   the identity of each signatory of the Document or Communication;

   c)   the title or heading of the Document or Communication;

   d)   its substance;

   e)   its present (or, if the present is not known, the last known) location and custodian;

   f)   the identity of each Person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other Person (naming such other Person) who, at any time, either received, transmitted or otherwise disposed of such Document or Communication and each copy thereof; and,

   g)   the circumstances of each such receipt and each transmittal or other disposition, including identification of the Person from whom received and the Person to whom transmitted.

   h)   Defendant shall mean "**MARIA DIBERNARDO**."

11.   This subpoena requests that all responsive Documents and Communications which exist in a digital or intangible format be provided in their digital, electronic, or intangible format. Any Responsive Documents and Communications which do not reside in a digital

format, but instead exist only in tangible form may be produced in the form they are customarily retained in.

## DOCUMENTS REQUESTED

1) Please produce all Documents and Communications regarding any MINS investigation and Christina Bullins, from January 1, 2009, to the present.

2) Please provide all Documents and Communications regarding Christina Bullins and Joseph Avram.

3) Please provide the complete personnel file for Christina Bullins.

4) Please provide a complete copy of any and all files where Christina Bullins' MINS investigations reside, exist, or are otherwise filed, except her personnel file.

5) Please provide all Documents or Communications regarding Joseph Avram and Randall Jordan Aparo, from January 1, 2010, to the present date.

6) Please provide all Documents and Communications concerning Christina Bullins and Randall Jordan Aparo from January 1, 2010, to the present date.

7) Please provide all Documents and Communications concerning Maria DiBernardo and Randall Jordan Aparo, from January 1, 2010, to the present date.

8) Please provide all Documents and Communications concerning Diane Andrews and Christina Bullins, from January 1, 2010, to the present date.

9) Please provide all Documents and Communications concerning Maria DiBeranrdo and Diane Andrews, from January 1, 2010, to the present date.

10) Please provide all Documents and Communications concerning Joseph Avram from January 1, 2010, to the present date.

11) Please provide all Documents and Communications concerning Christina Bullins and any activities related to unions or lobbying, from January 1, 2010, to April 24, 2015.

12) Please provide all Documents or Communications concerning any investigative file opened which relates to Randall Jordan Aparo, including any investigation into his death, from January 1, 2010, to the present date.

Respectfully submitted,

The Law Offices of

4

STEVEN R. ANDREWS, P.A.
822 Monroe Street
Tallahassee, Florida 32303
Tel:  (850) 681-6416 * Fax: (850) 681-6984

*/s/ Ryan J. Andrews*
STEVEN R. ANDREWS (FBN 0263680)
sandrews@andrewslawoffice.com
BRIAN O. FINNERTY (FBN 0094647)
bfinnerty@andrewslawoffice.com
service@andrewslawoffice.com
RYAN J. ANDREWS (FBN 104703)
ryan@andrewslawoffice.com
service@andrewslawoffice.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by electronic transmission this 22nd day of December, 2015, to:

Elmer C. Ignacio, Esquire
Assistant Attorney General
Office of the Attorney General
PL 01, The Capitol
Tallahassee, FL  32399-1050
(850) 414-3716
(850) 488-4872  Fax
Elmer.Ignacio@myfloridalegal.com

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS (FBN 104703)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | | |
|---|---|---|
| CHRISTINA BULLINS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:14-cv-00347-WS-CAS |
| MARIA DIBERNARDO | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Florida Department of Corrections
           501 South Calhoun Street, Tallahassee, FL 32399
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: The Law Offices of Steven R. Andrews, P.A. 822 North Monroe Street Tallahassee, FL 32303 (850-681-6416) | Date and Time: Pursuant to Rule 34, Fed. R. Civ. P., 30 days from date of service of process |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 22 DEC 2015

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Brian O. _____* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Ryan J. Andrews,
822 North Monroe Street, Tallahassee, FL 32303, 850-681-6416           , who issues or requests this subpoena, are:
ryan@andrewslawoffice.com / service@andrewslawoffice.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:14-cv-00347-WS-CAS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                             *Server's signature*

                                                   _____
                                                             *Printed name and title*

                                                   _____
                                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS:

1.      The term "You" and "Your" means the party or parties to whom this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.  In this instance "You" and "Your" includes FDOC.

2.      The term "Person" means any natural Person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural Persons or other business enterprise, governmental body, group of natural Persons or the entity.

3.      The term "Document" means "Document" as described in Rule 34(a) of the Federal Rules of Civil Procedure and shall include all Documents within the possession, custody, or control of the FDOC or any agents thereof.   Documents shall include Documents held by any subsidiary or any affiliated corporation.  The term "Document" also includes any Documents which have a physical location in another State or United States Territory.  Further the term "Document" also shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographic, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.      The term "All Documents" means every Document or group of Documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

5.      The term "Communication" means any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6.      The term "All Communication" means each and every Communication as above defined that is known to You or about which You have any information.

7.    As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8.    The term "Identify" when used with reference to a natural Person means:

    a)  the full name and address (or, if the current address is not known, the last known address) of the Person;

    b)  the full name and address of each employer, each corporation of which the Person is an officer or director, and each business in which the Person is a principal;

    c)  the Person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

    d)  each position the Person has ever held with You and the date such positions were held; and,

    e)  such other information sufficient to provide full identification of the Person.

9.    The term "Identify" when used with reference to any other entity other than a natural Person means:

    a)  the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

    b)  each of the entity's officers, directors, shareholders or other principals; and,

    c)  any other available information concerning the existence or identity of the entity.

10.    The term "Identify" when used with reference to a Document or written Communication means:

    a)  its nature (e.g., letter, telegram, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee;

    b)  the identity of each signatory of the Document or Communication;

    c)  the title or heading of the Document or Communication;

    d)  its substance;

e) its present (or, if the present is not known, the last known) location and custodian;

f) the identity of each Person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) You, and (ii) any other Person (naming such other Person) who, at any time, either received, transmitted or otherwise disposed of such Document or Communication and each copy thereof; and,

g) the circumstances of each such receipt and each transmittal or other disposition, including identification of the Person from whom received and the Person to whom transmitted.

h) Defendant shall mean "**MARIA DIBERNARDO**."

11.     This subpoena requests that all responsive Documents and Communications which exist in a digital or intangible format be provided in their digital, electronic, or intangible format. Any Responsive Documents and Communications which do not reside in a digital format, but instead exist only in tangible form may be produced in the form they are customarily retained in.

**DOCUMENTS REQUESTED:**

1) Please produce all Documents and Communications regarding any MINS investigation and Christina Bullins, from January 1, 2009, to the present.

2) Please provide all Documents and Communications regarding Christina Bullins and Joseph Avram.

3) Please provide the complete personnel file for Christina Bullins.

4) Please provide a complete copy of any and all files where Christina Bullins' MINS investigations reside, exist, or are otherwise filed, except her personnel file.

5) Please provide all Documents or Communications regarding Joseph Avram and Randall Jordan Aparo, from January 1, 2010, to the present date.

6) Please provide all Documents and Communications concerning Christina Bullins and Randall Jordan Aparo from January 1, 2010, to the present date.

7) Please provide all Documents and Communications concerning Maria DiBernardo and Randall Jordan Aparo, from January 1, 2010, to the present date.

8) Please provide all Documents and Communications concerning Diane Andrews and Christina Bullins, from January 1, 2010, to the present date.

9)   Please provide all Documents and Communications concerning Maria DiBeranrdo and Diane Andrews, from January 1, 2010, to the present date.

10)  Please provide all Documents and Communications concerning Joseph Avram from January 1, 2010, to the present date.

11)  Please provide all Documents and Communications concerning Christina Bullins and any activities related to unions or lobbying, from January 1, 2010, to April 24, 2015.

12)  Please provide all Documents or Communications concerning any investigative file opened which relates to Randall Jordan Aparo, including any investigation into his death, from January 1, 2010, to the present date.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:14-cv-00347-WS-CAS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Records Custodian DR

on *(date)* 12-22-15 .

    ☒ I served the subpoena by delivering a copy to the named person as follows:

Charles Williams

                             on *(date)* 12-22 ; or 2015

    ☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

I declare under penalty of perjury that this information is true.

Date:  12-22-15

                         Michelle A. Kirk
                               *Server's signature*

               MICHELLE A. KIRK, Legal Asst.
                              *Printed name and title*

                  822 N. MONROE ST.
                              *Server's address*

Additional information regarding attempted service, etc.:  TALLAHASSEE, FL.

EXHIBIT

**B**

**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CHRISTINA BULLINS,**

               **Plaintiff,**

**vs.**                                    **CASE NO. 4:14-cv-00347-WS-CAS**

**MARIA DIBERNARDO,**

               **Defendant.**

_____/

**FLORIDA DEPARTMENT OF CORRECTIONS' NOTICE**
**OF SERVICE OF RESPONSE TO PLAINTIFF'S NOTICE**
**OF PRODUCTION OF DOCUMENTS FROM NON-PARTY FDOC**

      Non-Party, Florida Department of Corrections (FDOC), by and through the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby gives notice of service of FDOC's Objection and Responses to Plaintiff's Notice of Production of Documents from Non-Party FDOC.

**<ins>CERTIFICATE OF SERVICE</ins>**

      I HEREBY CERTIFY that the foregoing document was served by electronic mail (service@andrewslawoffice.com) to Plaintiff's Counsel, Ryan J. Andrews, Steven R. Andrews, P.A., 822 Monroe Street, Tallahassee, FL 32303 on this 22nd day of January, 2016.

                                        <ins>      /s/     Pamela L. Hatcher </ins>
                                        PAMELA L. HATCHER
                                        Assistant General Counsel
                                        Florida Department of Corrections
                                        Florida Bar No.:  89061
                                        501 South Calhoun Street
                                        Tallahassee, Florida  32399-2500
                                        Phone:  (850) 717-3599
                                        Fax:     (850) 410-3073
                                        Email:  hatcher.pamela@mail.dc.state.fl.us

1

**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CHRISTINA BULLINS,**

     **Plaintiff,**

**vs.**            **CASE NO. 4:14-cv-00347-WS-CAS**

**MARIA DIBERNARDO,**

     **Defendant.**

_____/

**OBJECTIONS AND RESPONSE TO PLAINTIFF'S NOTICE OF PRODUCTION**
**OF DOCUMENTS FROM NON-PARTY FDOC**

   Non-Party, Florida Department of Corrections (FDOC), by and through the undersigned

counsel, and pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, hereby files these

Objections and Responses to FDOC's Notice of Production of Documents from Non-Party

FDOC. Each request is restated below, along with any applicable objections. Notwithstanding

these objections, FDOC will commence its production in response to the following Request to

the extent possible. Such production shall not constitute a waiver of any applicable objection or

privilege.

**GENERAL OBJECTIONS**

   FDOC objects to each Request: (1) insofar as it calls for the production of documents not

in FDOC's possession, custody, or control; (2) insofar as it calls for the production of documents

that were prepared for or in anticipation of litigation, constitute attorney work product, contain

attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the

production of documents which are publicly available or otherwise equally available and/or

uniquely available or equally available from third parties; (4) insofar as it calls for the production

of documents that do not specifically refer to the events which are the subject matter of this

litigation; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. FDOC reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. FDOC likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

FDOC submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

FDOC's responses and objections are not intended to be, and shall not be construed as, agreement with FDOC's characterization of any facts, circumstances, or legal obligations. FDOC reserves the right to contest any such characterization as inaccurate. FDOC also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to FDOC and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. FDOC's investigation, discovery

and preparation for proceedings are continuing and all answers are given without prejudice to FDOC's right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

FDOC will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. FDOC objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

## DOCUMENTS REQUESTED

1. Please produce all Documents and Communications regarding any MINS investigation and Christina Bullins, from January 1, 2009, to the present.

    **Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA and that it seeks to obtain information regarding an active criminal investigation. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control. FDOC is withholding an Inquiry Summary Report because it contains information regarding an active criminal investigation.**

2. Please provide all Documents and Communications regarding Christina Bullins and Joseph Avram.

    **Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

3. Please provide the complete personnel file for Christina Bullins.

**Response:   Documents responsive to this request are being provided.**

4.   Please provide a complete copy of any and all files where Christina Bullins' MINS investigations reside, exist, or are otherwise filed, except her personnel file.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA and that it seeks to obtain information regarding an active criminal investigation. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control. FDOC is withholding an Inquiry Summary Report because it contains information regarding an active criminal investigation.**

5.   Please provide all Documents or Communications regarding Joseph Avram and Randall Jordan Aparo, from January 1, 2010, to the present date.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

6.   Please provide all Documents and Communications concerning Christina Bullins and Randall Jordan Aparo from January 1, 2010, to the present date.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

7.   Please provide all Documents and Communications concerning Maria DiBernardo and Randall Jordan Aparo, from January 1, 2010, to the present date.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

8.   Please provide all Documents and Communications concerning Diane Andrews and Christina Bullins, from January 1, 2010, to the present date.

**Response: Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

9.   Please provide all Documents and Communications concerning Maria DiBeranrdo and Diane Andrews, from January 1, 2010, to the present date.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

10.   Please provide all Documents and Communications concerning Joseph Avram from January 1, 2010, to the present date.

**Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and**

**ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.**

11.     Please provide all Documents and Communications concerning Christina Bullins and any activities related to unions or lobbying, from January 1, 2010, to April 24, 2015.

> **Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this request as overly broad, unduly burdensome, vague, ambiguous, not reasonably specific and is not reasonably expected to yield information relevant to the allegations of the complaint, to the proposed relief or to the defenses of any respondent.**

12.     Please provide all Documents or Communications concerning any investigative file opened which relates to Randall Jordan Aparo, including any investigation into his death, from January 1, 2010, to the present date.

> **Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks confidential security plan information, private information including social security numbers and protected medical information from third persons in violation of HIPAA. FDOC further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control. Recorded statements from Dr. Hantz Hercule, Captain Mitchell Brown, Officer Dave Wallace, Ola Melissa Riley, Lucy Ann Franklin and Martha J. Greene are being withheld because the recordings contain medical information and personal health information.**

> **Subject to and without waiving the foregoing objections, FDOC will produce relevant, non-privileged documents that are responsive to this request.  Due to the magnitude of information requested and the work required to locate it, the information will be provided on a rolling basis as it becomes available.**

_____/s/_____ Pamela L. Hatcher
PAMELA L. HATCHER
Assistant General Counsel
Florida Department of Corrections
Florida Bar No.:  89061
501 South Calhoun Street
Tallahassee, Florida  32399-2500
Phone:  (850) 717-3599
Fax:      (850) 410-3073
Email:  hatcher.pamela@mail.dc.state.fl.us

## **AFFIDAVIT**

STATE OF FLORIDA

COUNTY OF LEON

     I, Sam Caines, Data Processing Manger for the Florida Department of Corrections, hereby certify that I have reviewed the Plaintiff's Notice of Documents from Non-Party FDOC served upon the Florida Department of Corrections on behalf of Plaintiff, Christina Bullins, and that I will make or caused to be made a good faith search for documents responsive to the request. Due to the volume and magnitude of requests received by the Florida Department of Corrections and the limited staff available to fulfill such requests, there is currently a backlog. Electronic reviews are done on a first come first serve basis and as of this date, to the best of my knowledge and information, this request is number __52___ in the queue.  I acknowledge my obligation to make a good faith effort to identify documents that are responsive to the request and to promptly produce such documents, as appropriate, as I become aware of them.

     DATED this __22nd__ day of January, 2016.

                        Sam Caines, Data Processing Manager
                        Florida Department of Corrections
                        501 South Calhoun Street
                        Tallahassee, FL 23299
                        Telephone:  (850) 717-3335
                        Facsimile:  (850) 728-4180
                        E-mail:  caines.sam@mail.dc.stste.fl.us

     SWORN to and subscribed to me this _22nd_ day of January, 2016 by
_Samuel Caines_____.

                        Antoinette M. McCaskill
                        NOTARY PUBLIC



                ANTOINETTE M. MCCASKILL
                MY COMMISSION # FF 063825
                EXPIRES: October 16, 2017
                Bonded Thru Budget Notary Services

EXHIBIT

C
_____

# Ryan Andrews

| | |
|---|---|
| **From:** | Studley, Todd <Studley.Todd@mail.dc.state.fl.us> |
| **Sent:** | Wednesday, January 27, 2016 4:44 PM |
| **To:** | Ryan Andrews |
| **Cc:** | Steely, Kenneth; Hatcher, Pamela |
| **Subject:** | RE: Bullins v. Dibernardo Subpoena |

Ryan,

Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.

We anticipate providing you an estimated date of production by the close of business Friday.  Thanks.

Todd E. Studley, Attorney Supervisor
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399-2500
Office: 850-717-3606; Direct: 850-717-3596
Fax: 850-410-3073; Cell: 850-694-4242

**From:** Ryan Andrews [mailto:ryan@andrewslawoffice.com]
**Sent:** Monday, January 25, 2016 4:32 PM
**To:** Studley, Todd
**Cc:** Jeff Moran; Natalie Sheffield
**Subject:** Bullins v. Dibernardo Subpoena

Todd,

It was a pleasure to speak with you this afternoon.

For Request # 11, let's use her name as a term, and teamster, union, lobby, Tallahassee, legislature, to start out with as a search. That should be sufficient.

I look forward to receiving your amended response to my subpoena with an estimate for date of production. I appreciate your cooperation and assistance with this subpoena.

Ryan J. Andrews, Esq.

Law Offices of Steven R. Andrews at The Grove
822 N. Monroe St.
Tallahassee, FL 32303
Phone: (850) 681-6416
Fax: (850) 681-6984

1

CONFIDENTIALITY NOTICE: The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.

EXHIBIT

**D**

## Ryan Andrews

| | |
|---|---|
| **From:** | Studley, Todd <Studley.Todd@mail.dc.state.fl.us> |
| **Sent:** | Thursday, January 28, 2016 3:26 PM |
| **To:** | Ryan Andrews |
| **Cc:** | Steely, Kenneth; Hatcher, Pamela |
| **Subject:** | RE: Bullins v. Dibernardo Subpoena |

Ryan,

FDC estimates being able to produce the documents no later than May 15, 2016.  Please let me know if you would like to discuss.

Todd E. Studley, Attorney Supervisor
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399-2500
Office: 850-717-3606; Direct: 850-717-3596
Fax: 850-410-3073; Cell: 850-694-4242

**From:** Studley, Todd
**Sent:** Wednesday, January 27, 2016 4:44 PM
**To:** 'Ryan Andrews'
**Cc:** Steely, Kenneth; Hatcher, Pamela
**Subject:** RE: Bullins v. Dibernardo Subpoena

Ryan,

Response: FDOC objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. FDOC further objects to this Request to the extent that it seeks protected medical information from third persons in violation of HIPAA. Subject to and without waiving these objections, FDOC will provide responsive, non-privileged documents in its possession, custody or control.

We anticipate providing you an estimated date of production by the close of business Friday.  Thanks.

Todd E. Studley, Attorney Supervisor
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399-2500
Office: 850-717-3606; Direct: 850-717-3596
Fax: 850-410-3073; Cell: 850-694-4242

**From:** Ryan Andrews [mailto:ryan@andrewslawoffice.com]
**Sent:** Monday, January 25, 2016 4:32 PM
**To:** Studley, Todd
**Cc:** Jeff Moran; Natalie Sheffield
**Subject:** Bullins v. Dibernardo Subpoena

Todd,

It was a pleasure to speak with you this afternoon.

For Request # 11, let's use her name as a term, and teamster, union, lobby, Tallahassee, legislature, to start out with as a search. That should be sufficient.

I look forward to receiving your amended response to my subpoena with an estimate for date of production. I appreciate your cooperation and assistance with this subpoena.

Ryan J. Andrews, Esq.

Law Offices of Steven R. Andrews at The Grove
822 N. Monroe St.
Tallahassee, FL 32303
Phone: (850) 681-6416
Fax: (850) 681-6984

CONFIDENTIALITY NOTICE: The information contained in this electronic message is legally privileged and confidential information. As such, the information contained in this electronic message is exempt from disclosure under applicable law. The information contained in this email is intended exclusively for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of the message is strictly prohibited. If you have received this email in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. Thank you for your attention and assistance in this matter.



EXHIBIT

E



PAM BONDI
ATTORNEY GENERAL
STATE OF FLORIDA

OFFICE OF THE ATTORNEY GENERAL
Employment Litigation

**ELMER C. IGNACIO**
**Assistant Attorney General**
PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3728
Fax (850) 488-4872
*elmer.ignacio@myfloridalegal.com*
*http://www.myfloridalegal.com*

February 15, 2016

**VIA ELECTRONIC MAIL**

Ryan J. Andrews, Esq.
The Law Office of Steven R. Andrews, PA
822 North Monroe Street
Tallahassee, Florida 32303

RE:   *Christian Bullins v. Maria DiBernardo*
      Case No.:  **4:14-cv-00347-WS-CAS**

Ryan:

As we discussed last week, at this time, I am not agreeable to joining in a motion to extend discovery and trial.  It is Defendant's position that the reason that Corrections needs significant time to respond to your subpoena for records is because Plaintiff's requests are overbroad.

This lawsuit is based on Plaintiff's Bullins' First Amendment retaliation claim against only Defendant DiBernardo.  As such, a request that would be reasonably calculated to the discovery of admissible evidence would be a request for documents that could demonstrate or show an expression/communication by Plaintiff <u>and</u> would demonstrate or show Defendant DBernardo's knowledge of Plaintiff's expression/ communication.

If you agree to limit your requests to Corrections as set forth below <u>and</u> Corrections informs you that they still need significant amount of time to respond, I would agree to join in a motion to extend.

1.   Please produce all Documents and Communications regarding any MINS investigation and Christina Bullins, from January 1, 2009, to the present.

     This category of documents is overbroad as to time.  Plaintiff Bullins was dismissed effective October 24, 2013.  Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

2.   Please provide all Documents and Communications regarding Christina Bullins and Joseph Avram.

This category is overbroad since there is no limitation as to time period. In the Second Amended Complaint, the first instance of an alleged protected communication occurred in October 21, 2010. (Doc. [37], ¶ 11). And Plaintiff Bullins was dismissed effective October 24, 2013. *Id.* at ¶ 23. Therefore, this request would be reasonable if it were also limited in time to when Plaintiff Bullins first made a protected expression for which she alleges she was retaliated against and to when Plaintiff was dismissed.

Moreover, a request for documents and communications "regarding Christina Bullins and Joseph Avram" is also overbroad. Documents that Defendant DiBernardo had no knowledge of and did not receive would not be relevant. Therefore, this request would be reasonable if also limited to documents that Defendant DiBernardo received.

3.     Please provide the complete personnel file for Christina Bullins.

Nothing objectionable about this category.

4.     Please provide a complete copy of any and all files where Christina Bullins' MINS investigations reside, exist, or are otherwise filed, except her personnel file.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

5.     Please provide all Documents or Communications regarding Joseph Avram and Randall Jordan Aparo, from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request is also overbroad because of the breadth of possible responsive documents for a request for "All Documents or Communications regarding Joseph Avram and Randall Jordan Aparo." This request would be reasonable if also limited to documents sent by Plaintiff Bullins and received by Defendant DiBernardo.

6.     Please provide all Documents and Communications concerning Christina Bullins and Randall Jordan Aparo from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request is also overbroad because of the breadth of possible responsive documents for a request for "All Documents or Communications regarding Christina Bullins and Randall Jordan Aparo." This request would be reasonable if also limited to documents sent by Plaintiff Bullins and received by Defendant DiBernardo.

7.    Please provide all Documents and Communications concerning Maria DiBernardo and Randall Jordan Aparo, from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request is also overbroad because of the breadth of possible responsive documents for a request for "All Documents or Communications regarding Maria DiBernardo and Randall Jordan Aparo." This request would be reasonable if also limited to documents sent by Plaintiff Bullins and received by Defendant DiBernardo.

8.    Please provide all Documents and Communications concerning Diane Andrews and Christina Bullins, from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request is also overbroad because of the breadth of possible responsive documents. This request would be reasonable if also limited to documents sent by Plaintiff Bullins and received by Defendant DiBernardo.

9.    Please provide all Documents and Communications concerning Maria DiBernardo and Diane Andrews, from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request would be reasonable if it were also limited to documents that mention or refer to Plaintiff Bullins.

10.   Please provide all Documents and Communications concerning Joseph Avram from January 1, 2010, to the present date.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013. Therefore, this request should be limited in time to when Plaintiff Bullins was dismissed.

This request is also overbroad because of the breadth of possible responsive documents. This request would be reasonable if also limited to documents that were sent by Plaintiff Bullins and received by Defendant DiBernardo.

11.    Please provide all Documents and Communications concerning Christina Bullins and any activities related to unions or lobbying, from January 1, 2010, to April 24, 2015.

This category of documents is overbroad as to time. Plaintiff Bullins was dismissed effective October 24, 2013, so any documents after her termination would not be relevant.

Moreover, the limited issue in this matter regarding any protected expression or communication by Plaintiff Bullins is what knowledge Defendant DiBernardo had regarding Plaintiff Bullins' alleged protected expression or communication. Therefore, this request would be reasonable if also limited to documents received by Defendant DiBernardo.

12.    Please provide all Documents or Communications concerning any investigative file opened which relates to Randall Jordan Aparo, including any investigation into his death, from January 1, 2010, to the present date.

As we already discussed, I object to the relevance of this category documents. Based on the high profile nature of the circumstances surrounding Inmate Aparo, I can only imagine the breadth of documents responsive to this request.

This request would be reasonable if it were limited to documents or communications, 1) Sent by Plaintiff Bullins and received by Defendant DiBernardo, and 2) Any documents that refer or make reference to Defendant DiBernardo.

Please let me know if you have any questions or wish to discuss further.

Sincerely,


/s/ *Elmer C. Ignacio*

Elmer C. Ignacio, Assistant Attorney General
Office of the Attorney General
Counsel for Defendant Maria DiBernardo



## *The Law Offices of*
## *Steven R. Andrews, P.A.*
### *Attorneys At Law*

Steven R. Andrews
sandrews@andrewslawoffice.com
Brian O. Finnerty
bfinnerty@andrewslawoffice.com
Ryan J. Andrews
ryan@andrewslawoffice.com
Court Service
service@andrewslawoffice.com

822 North Monroe Street
Tallahassee, Florida 32303
Telephone (850) 681-6416
Facsimile (850) 681-6984

February 15, 2016

<u>*Via Email Only*</u>

Department of Corrections
Attn: Todd Studley
501 South Calhoun Street
Tallahassee, FL 32399-2500
steely.kenneth@mail.dc.state.fl.us

Re:    *Bullins v. Dibernardo*, 4:14-cv-00347-WS-CAS, Subpoena served December 22, 2015,
        **Conferral Pursuant to Local Rule 7.1(b)**

Dear Todd:

On February 15, 2016, I received the attached letter from Elmer Ignacio, counsel for Maria DiBernardo. Due to DOC's stated completion date of the production of responsive documents to my subpoena, I was seeking a joint continuance of all deadlines currently in effect in this matter in the Northern District of Florida, as well as the discovery deadlines.

As you can see from Elmer's letter, they have requested that I limit my subpoena to determine how much time it will take DOC to respond to the limited requests. While I cannot agree with all of Elmer's requests, below is the narrowed scope for each request:

1. For Request Number 1, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
2. For Request Number 2, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
3. No limitations for the requests.
4. For Request Number 4, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
5. For Request Number 5, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
6. For Request Number 6, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.

7. For Request Number 7, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
8. For Request Number 8, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
9. For Request Number 9, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
10. For Request Number 10, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
11. For Request Number 11, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.
12. For Request Number 12, I would agree to limit the duration from August 15, 2010, to April 14, 2015, the amended date of Christina Bullins' date of termination.

While I respect the fact that DOC's computer system and software impose difficulties on the Department in responding to subpoenas and document requests, the Attorney General has refused to consent to a continuance without Plaintiff Bullins consent to limiting the scope of the DOC subpoena in a manner that would result in documents relevant to the litigation falling outside the scope of the narrowed request. The Attorney General's position contained in the attached letter has forced me to file a Motion to Compel against the Department. While I am loathed to do this, especially in light of the explanation as to why it will take the Department approximately 90 days to produce the documents, I am left with no choice.

If you are able to provide me with updated completion dates for the searches based on the narrowed time frames contained herein, I would greatly appreciate it. I will be preparing a Motion to Compel/or in the alternative Motion to Extend All Deadlines.

I look forward to your hearing from you. Please do not hesitate to contact me if you have any questions.

Sincerely,

/s/ Ryan J. Andrews

Ryan J. Andrews

CC: Elmer Ignacio, Esq.